### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| MATTHEW POLLACK and | ) | |
| JANE QUIRION, *individually* | ) | |
| *and as next friends of* B.P., | ) | |
| | ) | |
| Plaintiff, | ) | Docket No. 2:13-cv-00109-NT |
| | ) | |
| v. | ) | |
| | ) | |
| REGIONAL SCHOOL UNIT NO. 75, | ) | |
| et al. | ) | |
| | ) | |
| Defendant. | | |

### ORDER SETTING FORTH PROCEDURE FOR ADJUDICATING PLAINTIFFS' IDEA CLAIMS

Before the Court is the Plaintiffs' motion to submit additional evidence (ECF No. 57) for the Court to review in deciding Count I of their Second Amended Complaint (ECF No. 51), in which they seek review of a December 29, 2012 decision by a state due process hearing officer ("**DPHO**") pursuant to the Individuals with Disabilities Education Act (the "**IDEA**") and the Maine Unified Special Education Regulations ("**MUSER**"). The parties also await a scheduling order concerning both the above IDEA claim and a separate IDEA claim the Plaintiffs press in Count I of their complaint in *Pollack, et al. v. Regional School Unit No. 75, et al.*, 2:14-cv-00215-NT, which has now been consolidated with this case. Under the latter claim, the Plaintiffs seek review of a March 28, 2014 decision by a DPHO on different issues. For the reasons stated below, the Court **GRANTS** the Plaintiffs' motion and **ORDERS** the parties to adhere to the schedule outlined at the conclusion of this order.

Plaintiff B.P. is a fourteen-year-old student who resides in Topsham, Maine with his parents, Plaintiffs Matthew Pollack and Jane Quirion. B.P. has been diagnosed with autism and mental retardation; he is nonverbal and suffers from significant language, communication, social, and academic delays. Defendant Regional School Unit No. 75 (the "**District**") is the local education agency responsible under the IDEA for providing a "free appropriate public education" ("**FAPE**") to disabled students living in Topsham.

The Plaintiffs allege that one afternoon in February of 2012, B.P. was highly distressed after school. His parents were not able to learn what happened during the school day to make him so upset. Following this incident, B.P.'s parents sought a number of records from the District and requested that B.P. be allowed to wear an audio recording device during school. The District denied the requests, and B.P.'s parents filed a petition for a hearing on the issues with the Maine Department of Education, pursuant to the IDEA and MUSER. After taking evidence, the DPHO upheld the District's denial of the requests based on a conclusion that B.P.'s parents "had access to sufficient information to allow them to participate, in a significant and meaningful way, . . . in the development and implementation of their son's educational program . . . ." Dec. 29, 2012 Due Process Hr'g Dec. 13 (ECF No. 1-1).

The Plaintiffs appealed the DPHO's decision to this Court in March of 2013 as part of a ten-count complaint. More than a year and a half has passed, during which the defendant filed a motion to dismiss the other counts in the complaint, the Court issued an order on that motion, and the parties engaged in lengthy but ultimately

unsuccessful settlement negotiations. Briefing on the Plaintiffs' IDEA claim has not yet begun.

The Plaintiffs now move to introduce additional evidence for the Court to consider in reviewing their IDEA claim that the DPHO's December 2012 decision was in error. They suggest that, since the DPHO reached his decision, the District and its employees have actively sought to restrict their access to information about B.P.'s experiences at school. The Plaintiffs argue that the District's actions call the reasonableness of the DPHO's determinations into question. The Plaintiffs propose that the Court either accept into evidence their affidavits describing these subsequent events or allow examination and cross-examination of witnesses. The District opposes the motion for additional evidence. During a recent conference of counsel, the District asserted that if the Court accepts the Plaintiffs' affidavits, the District should be permitted to introduce its own affidavits to controvert them.

Under the IDEA, a district court hearing an appeal of a DPHO's decision must "receive the records of the administrative proceedings," "hear additional evidence at the request of a party," and reach a decision based "on the preponderance of the evidence." 20 U.S.C. § 1415(i)(2)(C). The First Circuit recently described the standard of review the IDEA prescribes in the following manner:

> A district court reviews the administrative record, which may be supplemented by additional evidence from the parties, and makes an independent ruling based on the preponderance of the evidence. However, that independence is tempered by the requirement that the court give due weight to the hearing officer's findings. As a result, a district court's review falls somewhere between the highly deferential clear-error standard and the non-deferential *de novo* standard. We have

3

characterized this intermediate level of review as one of involved oversight.

*Sebastian M. v. King Philip Reg'l Sch. Dist.*, 685 F.3d 79, 84 (1st Cir. 2012) (quoting *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 35-36 (1st Cir. 2012)).

The "additional evidence" provision is construed narrowly. *Town of Burlington v. Dep't of Ed. of Mass.*, 736 F.2d 773, 790. (1st Cir. 1984). It "does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony . . . ." *Id.* Instead, "a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so." *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990). A solid justification may exist where the evidence touches on "relevant events occurring subsequent to the administrative hearing." *Town of Burlington*, 736 F.2d at 790. This District "ha[s] erred on the side of admitting evidence reflecting a child's post-hearing status on the theory that the proffered information might shed light on the reasonableness (and thus be relevant to) the earlier decision." *Mr. & Mrs. I. v. M.S.A.D. No. 55*, Civ. No. 04-165-P-H, 2004 WL 2397402, at *3-4 (D. Me. Oct. 27, 2004), *aff'd* 490 F.3d 1 (1st Cir. 2007) (granting parents' request to submit "additional evidence" regarding student's post-hearing experiences); *Doe v. Reg'l Sch. Dist. Unit No. 21*, No. 2:11-cv-25-DBH, 2011 WL 3611449, at *2 (D. Me. Aug. 6, 2011) (granting school district's request to submit "additional evidence" regarding student's post-hearing experiences).

Here, the facts adduced in the Plaintiffs' affidavits concern events that occurred after evidence closed in the hearing before the DPHO, as in *Mr. & Mrs I.*

4

and *Doe*. Whether they are relevant depends largely on what law the Court must apply to the claim. If B.P.'s parents are correct that the IDEA's *procedural* provisions confer on them a freestanding substantive right to record B.P.'s school day[1]—a proposition that has not yet been briefed—then the affidavits would be at least indirectly relevant to the question of whether the deprivation of that right "significantly impeded" the Plaintiffs' "opportunity to participate in the decision-making process regarding the provision of a free appropriate public education to [their] child." 20 U.S.C. § 1415(f)(3)(E)(ii)(II).

Where the Court, rather than a jury, will be reviewing the Plaintiffs' IDEA claim, the danger of unfair prejudice or confusion of the issues is low. If the affidavits do not appear relevant once the Court is fully immersed in the facts and law of this case, the Court can disregard them. By allowing admission of only the Plaintiffs' affidavits and whatever responsive affidavits the District wishes to file, the Court will not be significantly extending this litigation.

---

[1] The Court's brief review of the due process hearing record suggests that B.P.'s parents never attempted to resolve the dispute concerning recording B.P.'s school day through the IEP process. In fact, it appears that B.P.'s parents rejected the District's offer to convene an IEP team meeting on the subject. Had B.P.'s parents accepted the District's invitation, they could have attempted to convince their son's IEP team to include in-school recording in B.P.'s IEP. *See* 20 U.S.C. § 1414(d)(1)(A)(i)(IV) (providing that an IEP should include "a statement of the special education and related services and supplementary aids and services . . . to be provided to the child . . . or on behalf of the child, and a statement of program modifications . . . that will be provided for the child . . . ."). If the IEP team refused, B.P.'s parents could have challenged the IEP as not "reasonably calculated to enable the child to receive meaningful education benefits," *D.B.*, 675 F.3d at 34, the standard under which courts generally judge substantive decisions made pursuant to the IDEA.

It is not yet clear to the Court what effect the Plaintiffs' decision not to use the IEP process to attempt to resolve the recording issue will have on the other claims in this case, particularly the claims that relate to rights held by B.P., as opposed to his parents. *See* 20 U.S.C. § 1415(*l*) (IDEA's exhaustion clause). The Defendants did not raise this issue in their motion to dismiss but did assert failure to exhaust administrative remedies as an affirmative defense in their answer to the Plaintiffs' complaint. Def. RSU 75's Answer to Pls.' Am. Compl. 32 (ECF No. 34). The point may be jurisdictional. 33 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 8398 (1st ed. 2014) (discussing scope of exhaustion doctrine and exceptions to exhaustion doctrine, including futility exception).

Based on the foregoing, the Court provisionally **GRANTS** the Plaintiffs' motion to the extent they seek admission of the affidavits attached to their motion and **ORDERS** the parties to adhere to the following schedule:

| | |
|---|---|
| **Monday, Nov. 17, 2014** | The District must file affidavits in response to the Plaintiffs' affidavits. In total, the affidavits should be no longer than twenty pages. |
| **Monday, Dec. 15, 2014** | The Plaintiffs must file briefs concerning their two IDEA claims. |
| **Monday, Jan. 12, 2015** | The District must file its responsive briefs, |
| **Monday, Jan. 26, 2015** | The Plaintiffs must file their reply briefs. |

The Court also directs the clerk to schedule a telephonic conference for 1 p.m. on Tuesday, November 18, 2014, to discuss the form the parties' IDEA briefing should take.

SO ORDERED.

/s/ Nancy Torresen  
United States District Judge

Dated this 3rd day of November, 2014.