UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW POLLACK and <br> JANE QUIRION as next friends of <br> B.P., <br>         Plaintiffs, <br> v. <br> REGIONAL SCHOOL UNIT 75, <br> et al., <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Docket No. 2:13-cv-109-NT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

I previously granted summary judgment for the Defendants on the Plaintiffs' ADA, Section 504, and First Amendment claims relating to B.P.'s right to wear a recording device at school on the grounds that the Plaintiffs had not exhausted their administrative remedies under the IDEA. While the case was on appeal, the Plaintiffs exhausted the IDEA administrative process. The Court of Appeals for the First Circuit dismissed the appeal as moot, vacated the portion of my order granting summary judgment for the District on the ADA, Section 504 and First Amendment claims, and remanded the case to me for determination of these claims on the merits. *Pollack v. Reg'l Sch. Unit 75*, No. 16-1414, 2016 WL 5746263, at *2 (1st Cir. Oct. 4, 2016).

On November 16, 2016, I held a conference to discuss with the parties how the case should proceed. At the conference, defense counsel indicated that they believed that the hearing officer's most recent order has preclusive effect, and they asked to

supplement the summary judgment record with materials from the record of the administrative due process hearing. The Plaintiffs took the position that material from the due process hearing should not be admitted into the record for summary judgment. I directed the Defendants to cull the record and present the portions of the record that they believed were relevant and preclusive and invited additional briefing on the issue of preclusion. The parties agreed that they would "refresh" their summary judgment briefs by removing material which was no longer pertinent and adding a section on preclusion. The parties indicated that they would confer and submit an agreed-upon briefing schedule.

The parties have been unable to agree on either a briefing schedule or the parameters of the supplemental record. Plaintiffs now inform me that they wish to introduce evidence (apart from the administrative record) on incidents that have arisen since the initial summary judgment motions were filed. Plaintiffs' Proposed Schedule for Supplemental Summary Judgment (ECF No. 249). The Defendants charge that the Plaintiffs "seek to have an open, rolling summary judgment record" and argue that additional evidence is inappropriate and inconsistent with the Plaintiffs' assertion to the First Circuit that the case was fully briefed and ready for decision on the merits. Defendants' Proposed Schedule for Supplemental Summary Judgment at 3 (ECF No. 250). Plaintiffs respond by clarifying that they now seek to introduce into the record only "two discrete items of additional evidence" amounting to not more than five pages. Plaintiffs' Response to Defendants' Proposed Schedule for Supplemental Summary Judgment at 2 (ECF No. 251).

This case has been pending since March 27, 2013, and the parties submissions suggest that they were contemplating a briefing schedule to extend through March of 2017. The student at issue is now 18 years old. The parties have already done one exhaustive round of briefing on a motion to dismiss, filed and responded to a new case that was consolidated with the 2013 case, participated in lengthy judicial settlement conferences, filed extensive cross-motions for summary judgment in the consolidated case, and appealed my order on those summary judgment motions to the First Circuit. Because the parties have been unable to agree on a briefing schedule and parameters for the record, I am called upon to impose some structure on the summary judgment process that remains. After reviewing the previous submissions on summary judgment,[1] I conclude that I do not need the parties to refresh their previous briefs. I will permit the Defendants to file the administrative record pertaining to the due process hearing officer's decision dated May 31, 2016. I will permit the Plaintiffs to file new factual material limited to the two instances identified in the Plaintiffs' Response to Defendants' Proposed Schedule for Supplemental Summary Judgment. I will allow the parties to file simultaneous supplemental summary judgment motions limited to this new material and addressing legal issues pertaining to the new material. The parties shall strictly adhere to the following schedule for briefing and parameters for supplementation.

---

[1] The parties have already filed 186 pages of summary judgment briefing, 355 pages of facts, and an evidentiary record of over 5,200 pages.

1. **Supplemental Summary Judgment Briefs Schedule and Page Limits**.

   a. By no later than January 16, 2017, both parties shall file: (1) supplemental motions for summary judgment of no more than 15 pages; and (2) supplemental statements of material facts in conformity with Local Rule 56(b) and paragraph 2 below.

   b. By no later than January 31, 2017, the parties shall file: (1) responses to the motions for summary judgment of no more than 10 pages; and (2) opposing statements of material facts in conformity with Local Rules 56(c) and 56(e) and paragraph 2 below.

   c. By no later than February 8, 2017, the parties shall file: (1) reply briefs to the motions for summary judgment of no more than 7 pages; and (2) a reply statements of material facts in conformity with Local Rule 56(d) and 56(e) and paragraph 2 below.

2. **Supplemental Statement of Material Fact.** The parties shall create the sets of material facts as envisioned by paragraph 1 above. The facts shall "snowball" so that the final filing for each supplemental motion includes the full text of all the facts, admissions, denials, qualifications, requests to strike, and responses to request to strike.

SO ORDERED.

/s/ Nancy Torresen  
United States Chief District Judge

Dated this 7th day of December, 2016.