UNITED STATES DISTRICT COURT
District of Maine

MATTHEW POLLACK, et al. )
)
    Plaintiffs, )
) No. 2:13-cv-00109-NT
v. )
)
)
REGIONAL SCHOOL UNION No. 75 )
)
    Defendant )

**ORDER ON BILL OF COSTS**

Federal Rule of Civil Procedure 54(d)(1) entitles prevailing parties to an award of costs, saying the following in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." As determined by the Court and affirmed by the First Circuit Court of Appeals, Defendant is the prevailing party in this case. See *Amended Judgment*, ECF No. 356 and *Judgment of USCA,* ECF No. 362. Specific expenses that may be taxed are outlined in 28 U.S.C. § 1920, but the expenses must be "necessarily incurred in the case" pursuant to 28 U.S.C. § 1924. Defendant seeks costs in the total amount of $7,174.29 for transcript fees and witness fees. *Bill of Costs*, ECF No. 364 and *Affidavit,* ECF No. 366. Plaintiffs have objected to parts of the claimed transcript expenses. *Response to Bill of Costs*, ECF No. 367. Having reviewed both parties filings, including the supporting documentation filed as part of Defendant counsel's affidavit, and having made an independent review of Defendant's Bill of Costs, the Clerk of Court hereby taxes against Plaintiffs the total

amount of four thousand one hundred ninety-two dollars and eighty-nine cents ($4,192.89). There being no objection, the witness fees claimed in this case will be taxed; but other certain claimed costs are excluded as explained herein.

Transcript Costs – Shipping and Handling

Defendant's claimed costs include a total of $95 for the shipping or handling of some transcripts claimed in this case. See *Attachment* to *Affidavit*, ECF No. 366-1, pp. 2, 6, 8, 10, 12, 14, 16 & 18. Postage, shipping and handling costs for depositions are considered ordinary business expenses that are not permitted by this Court and have not been charged as taxable costs in relation to obtaining transcripts. *Alexander v. CIT Technology Financing Services, Inc.*, 222 F. Supp. 2d 1087 (N.D. Ill. 2002) and *Smith v Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). See also *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F.Supp.2d 684 (E.D. Tex. 2007) and *Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898 (D. Kan., 2007). Therefore, $95 will be deducted from Defendant's transcript cost claim.

Additionally, charges for word indices in the transcript bills for Ricci, Quiron, and Pollack, totaling $90, will not be ordered because such items are considered "items for the convenience of counsel." *Burton v. R.J. Reynolds Tobacco, Co.*, 395 F.Supp.2d 1065 at 1080 (D. Kan. 2005); *Keweenaw Bay Indian Community v. Rising*, 2005 WL 3535124 at *2 (W.D. Mich. 2005); and *Charles v. Sanchez*, 2015 WL 11439074 at *12 (W.D. Tex. 2015).

Transcript Costs – Video Depositions

Transcript fees are specifically permitted to be taxed by statute, to the extent that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Also, the First Circuit has ruled that deposition costs should be taxed if the depositions are introduced in evidence or used at trial, and, in other instances, that it "is within the discretion of the district court to tax deposition costs if special circumstances warrant it." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985). Since Rule 30(b) of the Federal Rules of Civil Procedure authorizes depositions to be recorded by non-stenographic means, including videotaping, the allowance under 28 U.S.C. § 1920(2) for the taxation of transcript fees has been construed to include costs associated with videotaped depositions. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997); *Commercial Credit Equipment Corp. v. Stamps*, 920 F.2d 1361 (7th Cir. 1990); and *Accord Freeman v. National Railroad Passenger Corp.*, 1994 WL 448631 (D. Mass. 1994).

In this case, the parties seem to agree that the transcripts of Ricci, Quirion and Pollack were necessarily obtained but Plaintiffs object to the taxation of both a stenographic transcript and a videotape recording of these three persons. *Response to Bill of Costs*, ECF No. 367, p. 2. As the Clerk has noted in the past, the plain language requirement of 28 U.S.C. § 1920(2) focuses the Court's discretionary, decision-making power on how the video transcript was used in the case, i.e. whether the video recording had a legitimate use independent from or in addition to the stenographic transcript. *Cf. Meredith v. Schreiner Transport, Inc.*, 814 F. Supp.

1004 (D. Kan. 1993) and *Miller v. National R.R. Passenger Corp.*, 157 F.R.D. 145 (D. Mass. 1994). Defendant states that the videotaped depostions "were obtained and utilized for trial preparation and in anticipation of impeachment at trial" and "for use at trial in the event [Ricci] was unable to testify in person." *Response*, ECF No. 367, p. 3. Persuaded by Plaintiffs' response and consistent with the Clerk's own record of decisions, the Clerk finds that such reasons for video depositions in addition to a stenographic ones are insufficient to justify the taxation of both transcripts, especially where the video recordings were, in fact, not used in this case and stenographic transcripts alone could have been used for the stated purpose. *See Kalman v. Berlyn Corp.*, 1989 WL 112818 at *2 (D. Mass. 1989) [saying "it is one thing to tax the cost of a deposition which might not be used at trial, it is another thing to tax the cost of both a deposition *and* a videotaping." (emphasis in original)]. Therefore, Defendant's claimed costs will be reduced by a total of $1,995 ($275 not taxed for the Ricci video; $980 not taxed for the Quirion video; and $760 not taxed for the Pollack video).

Transcript Costs – Expedited

As part of its transcript costs related to the deposition of Jane Quirion, Defendant claims $456.75 for an "expedite" fee. *Attachment to Affidavit*, ECF No. 366-1, p. 10; *Bill of Costs*, ECF No. 364; and *Memo*, ECF No. 365. Following case law from other circuits, this Court has generally held that an expedited charge on a transcript represents an extra cost which is not taxable unless prior court approval of the expedited rate has been obtained or the special character or nature of the

litigation necessitated an expedited receipt. *Fogleman v. ARAMCO*, 920 F.2d 278 at 286 (5th Cir. 1991). *See also Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964); *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1318 n.48 (D.C. Cir. 1981) (overnight transcription of depositions disallowed when purely for convenience of counsel); *Hill v. BASF Wyanotte Corp.*, 547 F. Supp. 348, 352, 353 (E.D. Mich. 1982) (no showing of need for expedited transcript of deposition, and disallowing daily transcript due to no prior court approval); and *Norton v. International Harvester Co.*, 89 F.R.D. 395 (E.D. Wis. 1981) (daily transcripts were "helpful" but a "relative luxury" not necessary for trial). There being no explanation for the necessity of such a charge, the Clerk denies that portion of the deposition cost.

Transcript Costs – Trial Transcripts

Defendant claims $344.65 in transcript costs for rough draft trial testimony of Plaintiffs Jane Quirion and Matthew Pollack. Defendant states that the "transcripts for the direct testimony of the named plaintiffs [were] obtained during trial for preparation for cross examination and for preparation for closing arguments." *Memo*, ECF No. 365, p. 3. Plaintiffs state that the necessity of these transcripts has not been shown and that they were merely for the convenience of counsel since Defendant counsel could have taken "adequate notes of plaintiffs' testimony. *Response to Bill of Costs*, ECF No. 367, p. 6. The receipt of the Court Reporter indicates that the testimony transcript was requested and produced on June 7, 2017, during trial in this case. *Affidavit,* ECF No. 366, p. 20. While the statute and case law create a strong presumption in favor of taxing such costs

against Plaintiffs, trial transcripts obtained in this way are akin to daily transcripts and must be "necessarily incurred," pursuant to 28 U.S.C. § 1924. Whether the expense of obtaining a transcript of trial proceedings—especially one akin to a daily transcript—is taxable is largely dependent on not only the necessity of the transcript but also if the case was a complicated one, if the transcript was indispensable and if the trial was long. *Sperry Rand Corp. v. A-T-O, Inc.*, 58 F.R.D. 132, 138 (E.D. Va. 1973); *Advance Business Systems & Supply Co. v. SCM Corp.*, 287 F.Supp. 143, 163 (D.Md.1968), aff'd, 415 F.2d 55 (4th Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 928, 25 L.Ed.2d 101 (1970); *Kaiser Industries Corp. v. McLouth Steel Corp.*, 50 F.R.D. 5 (E.D.Mich.1970); *cf. Farmer v. ARAMCO*, 379 U.S. 227, 234, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964) (cost of daily transcript disallowed based on district court's personal knowledge that this was not a complicated or extended trial where lawyers were requested to submit briefs and proposed findings).

In this case, it appears that the trial and the subject testimony was neither especially long nor complicated to warrant a trial testimony transcript to assist with cross examination and preparation. Failing on those two prongs, the transcript costs of Plaintiffs' testimony is denied as unnecessary. *See Norton v. International Harvester Co.*, 89 F.R.D. 395 (E.D. Wis. 1981) (daily transcripts were "helpful" but a "relative luxury," not necessary for trial), and *Cooke v. Universal Pictures, Co.*, 135 F. Supp. 480, 481 (S.D. NY 1955) (trial transcript denied as unnecessary where

cross-examining party exercised the privilege to question the plaintiff on deposition and had the deposition available at trial).

Transcript Costs – Party & Employees

Plaintiffs have objected to Defendant's claim for costs related to the depositions of Defendant RSU 75 itself and its employees, saying that those transcripts are not necessarily incurred because the testimony of Defendant and its employees are readily available to counsel without the need of a transcript. *Response to Bill of Costs*, ECF No. 367, p. 7. Plaintiffs cite two cases that seem to support the proposition that, based on a lack of necessity, a party may not be reimbursed for depositions of themselves or their employees. *Id.* But this Court has commonly allowed the taxation of depositions of parties when viewed as necessarily obtained to support a motion—in this case, a motion for summary judgment and other motions—or reasonably obtained for some use related to trial preparation or presentation at trial. Therefore, the Clerk will allow the taxation of the depositions of RSU 75 and its employees where there were used in the significant motion work of this case and where the Court can, in its discretion, tax the costs of depositions not used at trial or put into evidence if "the taking of the depositions is shown to have been reasonably necessary in light of the particular situation." *Templeman*, 770 F.2d at 249.

The total amount to be taxed in this case is as follows:
Orginal amount Claimed by Defendant:     $7,174.29
Less Shipping/Handling Costs of Depos:    (    95.00)

| Less Costs of Word Indices: | (    90.00) |
| Less Video Deposition Costs: | (1,995.00) |
| Less Expedited Transcript Cost: | (   456.75) |
| Less Plaintiff Trial Testimony Costs: | (   344.65) |
| **Total to be Taxed:** | **$4,192.89** |

## ORDER

The Clerk of Court hereby taxes costs in favor of Defendant in the amount of four thousand one hundred ninety-two dollars and eighty-nine cents ($4,192.89).

IT IS SO ORDERED.

/s/ Christa K. Berry
Clerk, U.S. District Court

Dated this 15th day of June, 2018